UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CEDRIC MONTEZ SMITH,

      Petitioner,                           Case No. 1:10-cv-186

v                                    HON. JANET T. NEFF

SHIRLEE HARRY,

      Respondent.
_____/


## OPINION

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Final Order.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

      In his objection, Petitioner first merely reiterates an argument he made before the Magistrate Judge, asserting that he "disagrees that the conviction is completely supported by the record" (Pet'r Obj., Dkt 32 at 1; R & R, Dkt 31 at 19).  Without providing any factual or legal basis to support his argument, Petitioner further "insists that a reasonable jurist, could find the [P]etitioner actually innocent … if all the facts were known …" (Dkt 32 at 1).  Petitioner's argument is without merit.

After citing the Michigan Court of Appeals' thorough analysis of the Michigan armed robbery statute (Dkt 31 at 18-19), the Magistrate Judge correctly stated that "[m]ultiple witnesses testified that Petitioner fired shots out the back window of [sic] Jarvelle Thames' car as it was trying to escape after having stolen the radio and shorts from [the victim's] vehicle" (Dkt 31 at 5, 9, 11, 19-20).  Based on this analysis, the Magistrate Judge properly determined that "the state-court's application of the facts to the statutory requirements are fully supported by the record" (*id.* at 19).

Petitioner also repeats another argument he made previously, asserting that "he has a constitutional right to be judged by a jury of his peers" and that this right was violated when a potential juror that was African American was excluded from the jury (Dkt 32 at 1).  Petitioner contends that "his peers are African American" and that "the exclusion [of an African American man from the jury] was not race neutral" (*id.*).  Therefore, he asserts that "a reasonable jurist could find that the state concern was biased" (*id.*).  Again, this argument is without merit.

In the Report and Recommendation, the Magistrate Judge cited the prosecutor's explanation for excluding the potential African American juror in question, as set forth in the Michigan Court of Appeals' opinion.  The prosecutor stated to the court that the man in question "'had indicated he is upset with police and wasn't sure he could set that aside'" (Dkt 31 at 22).  The prosecutor further noted that "'there are three other African-American jurors who are on this jury that I did not make any challenges towards'" (*id.*).  Based on this explanation, the Magistrate Judge properly determined that the prosecutor "clearly articulated a race-neutral reason for excusing [the potential African American juror]" and that "the state-court's acceptance of that reason as race-neutral was itself entirely reasonable" (*id.* at 24).  Therefore, Petitioner's objection is denied as without merit.

Petitioner's third objection, which again reiterates a prior argument, is that the Magistrate Judge erred in her determination because "time in custody must be counted in computing how the new sentence runs" (Dkt 32 at 1). Again, Petitioner fails to provide any specific reasoning or support for his assertion. The Magistrate Judge thoroughly addressed this issue in the Report and Recommendation in determining that Petitioner is not entitled to credit for time served under Michigan law (Dkt 31 at 24-35). Petitioner's objection to the determination is without merit.

In her analysis, the Magistrate Judge acknowledged that "under Michigan law, a prisoner who has been held in jail on a charged offense for which he has been denied bond, is entitled to credit for time served against any sentence arising out of a conviction for that offense" (Dkt 31 at 25). However, the Magistrate Judge also stated that "when the individual charged with a new crime is a parolee, he is not held in lieu of a bond on the newly charged offense. Instead, he is detained on the remainder of the sentence for which he was paroled" (*id.* at 25) (citing *People v. Idziak*, 773 N.W.2d 616, 623-24, 657 (Mich. 2009)). The Magistrate Judge observed that a parolee that is charged with a new crime "does not receive credit for time spent in jail against the new conviction, as he has not been held in jail with respect to that conviction" (Dkt 31 at 25-26) (citing *Idziak*, 773 N.W.2d at 623-24). Petitioner provides no support for his apparent current assertion that he was not on release from parole, and the Report and Recommendation states to the contrary that "Petitioner acknowledges he was on parole at the time he was sentenced" (Dkt 31 at 28). The Magistrate Judge thoroughly considered, and rejected, Petitioner's constitutional claims pertaining to his time in custody. Petitioner has shown no error in this determination.

Lastly, Petitioner again raises the argument that because "co defendants have reasons to lie on one another," the trial judge erred in failing to give a precautionary jury instruction (Dkt 32 at

1).  Petitioner asserts that he "was singled out, unfairly by a co defendant to get a deal" and that "the lack of jury instruction was not harmless error" (*id.*).  Petitioner's argument is without merit.  The Magistrate Judge correctly stated in the Report and Recommendation that at Petitioner's trial both co-defendants "testified that Deantwan Sturgess, not Petitioner, fired the gun" (Dkt 31 at 35-36).  As the Magistrate Judge correctly determined, this testimony "in no way incriminated Petitioner," but instead "corroborated Petitioner's theory of the case" (*id.* at 36).  Therefore, the Magistrate Judge properly determined that "[a]s a consequence, the state court reasonably determined that an instruction would not have benefitted Petitioner" (*id.*).  Accordingly, Petitioner's objection is denied as without merit.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of each of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: November 1, 2012                          /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MONTEZ SMITH,

     Petitioner,                          Case No. 1:10-cv-186

v                                      HON. JANET T. NEFF

SHIRLEE HARRY,

     Respondent.

_____/

**<u>FINAL ORDER</u>**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Objections (Dkt 32) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 31) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Date: November ___, 2012               _____

                                             JANET T. NEFF
                                             United States District Judge